**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN PAUL JONES, III, | DOCKET NUMBER |
| Appellant, | DE-3330-14-0635-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: April 9, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Corey Thompson, Atlanta , Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a 5-point (TP) preference-eligible veteran, timely filed an appeal alleging that the agency violated his veterans' preference rights, as provided under the Veterans Employment Opportunities Act of 1998 (VEOA), when it failed to select him for the Lead Public Health Advisor, GS-14 position he applied for under Vacancy Announcement Number HHS-CDC-D4-14-1154527. Initial Appeal File (IAF), Tab 1. Although the agency initially advised the appellant that he was tentatively determined to be eligible for the position based upon his self-rating, the agency notified him on September 15, 2014, that he was determined to be ineligible for the position because he did not meet the specialized experience requirement set forth in the vacancy announcement. *See* IAF, Tab 14 at 15-16, 24. Because the appellant was found not qualified, he received no further consideration for the Lead Public Health Advisor position.

¶3        The administrative judge issued a close of the record order finding no genuine dispute of material fact in the appeal, and he provided the parties with the opportunity to submit additional evidence and argument before the record closed on December 1, 2014. IAF, Tab 15. The appellant responded by arguing that the agency has a pattern and practice of circumventing rights, and he

provided details from his prior VEOA appeals against the agency concerning vacancy announcements not at issue in this appeal. IAF, Tabs 16-19. The appellant also argued that he is entitled to priority placement ahead of disabled veterans. IAF, Tab 16 at 5.

¶4    Without holding the hearing requested by the appellant, the administrative judge found that there was no dispute of material fact and issued an initial decision denying the appellant's request for corrective action under VEOA. IAF, Tab 20, Initial Decision (ID) at 2. In reaching his decision, the administrative judge found that the agency considered the appellant's lengthy resume and that it credited him for all of his experience material to the Lead Public Health Advisor position in finding that he was unqualified for the position. ID at 6. The administrative judge found further that he had no authority to reevaluate the weight the agency accorded the appellant's experience in determining that, because the appellant has never worked in a public health program for the federal government or for a state or local health department, he failed to meet the requirement that he show 1 year of specialized experience at the next lower grade level or its equivalent. ID at 6-8. Thus, the administrative judge denied the appellant's request for corrective action. ID at 8.

¶5    To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). VEOA does not guarantee the preference-eligible appellant a position; the statute only affords him the right to compete for the position. *See Abell v. Department of the Navy*, 92 M.S.P.R. 397, 400-01 (2002), *aff'd*, 343 F.3d 1378 (Fed. Cir. 2003). The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).

¶6       Here, the appellant has filed a petition for review asking the Board to remand the appeal for a hearing so that the agency can explain its hiring decision and the administrative judge can examine the merits of the agency's actions.  In support of his request, the appellant reasserts that the agency has a pattern and practice of circumventing veterans' legal rights and that the agency should be required to explain why he was found not qualified.  Petition for Review (PFR) File, Tab 1.

¶7       Preference-eligible veterans applying for federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether" such experience is unpaid. 5 U.S.C. § 3311(2); *see* 5 C.F.R. § 302.302(d); *see also Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014).  Although a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal. *Miller*, 121 M.S.P.R. 88, ¶ 9.

¶8       Further, the matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained.  *Id*.  Pursuant to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position of employment.  *Miller*, 121 M.S.P.R 88, ¶ 12; *see Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009) ("Section 3311(2) guarantees that any experience of a veteran that is material to the position for which the veteran is examined will be credited.  At the very least, 'credited' means 'considered.'").

¶9        In this case, while the appellant argues that he was qualified for the position, we agree with the administrative judge's finding that the agency's recruitment process under these vacancy announcements did not violate the appellant's rights under any statute or regulation related to veterans' preference. ID at 5.   The agency determined that the appellant was not qualified under Vacancy Announcement HHS-CDC-D4-14-1154527 because he did not meet the specialized experience requirement.   IAF, Tab 14 at 15-16.   In the vacancy announcement, the agency stated that the person selected for the Lead Public Health Advisor position would be required to meet the requirement of showing 1 year of specialized experience at the next lower grade level or its equivalent by establishing, among other things, experience:

> Direct[ing] and oversee[ing] multi-functional program activities involving a broad and complex range of public health programs that are operating domestically or abroad.
>
> Provid[ing] training to diverse stakeholder groups and public health partners on public health issues.

*See* IAF, Tab 14 at 75.

¶10       Here, the agency tentatively found the appellant qualified based on the appellant's own self-assessment of his qualifications in his application, but once it had the appellant's resume for its full consideration the agency determined that he did not meet the specialized experience requirement.   *See* IAF, Tab 14 at 42-72.   Although the appellant disputes the agency's determination that he lacks the 1 year of specialized experience required for the Lead Public Health Advisor position because he has never worked in a public health program for the federal government or for a state or local health department, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency.   IAF, Tab 6 at 170; *see Miller*, [121 M.S.P.R. 88](), ¶ 12.

¶11       The appellant's remaining arguments on review, most of which pertain to the agency's actions in his prior VEOA appeals and his general disagreement with

the administrative judge's decision in this VEOA appeal, provide no basis for disturbing the initial decision. PFR File, Tab 1. Because the appellant offers no new and material evidence that was unavailable before the record closed, and he has not shown that the administrative judge erroneously interpreted a statute or regulation, we deny the petition for review.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.